CARE 53—PETITION EQUITY—NOVEMBER 24.

# Louisville & Nashville Railroad Co. v. Bullitt County.

### APPEAL FROM BULLITT CIRCUIT COURT.

CURATIVE STATUTE.—Although the County Court of Claims can not levy an *ad valorem* tax to meet the general indebtedness of the county unless authorized to do so by the Legislature, yet, as it has jurisdiction of the subject of the general indebtedness of the county, if it makes a levy in excess of its authority in the particular case the act is a mere irregularity and not a want of jurisdiction, and, hence, may be validated by the Legislature.

M. R. THOMPSON, CHARLES CARROLL FOR APPELLANT.

As the Court of Claims had no authority to make the levy at the time it was made the levy was void, and subsequent legislation could not validate the void act. (Fisher v. Cockerell, 5 Mon., 135; L & N. R. Co. v. Commonwealth, &c., 11 Ky. Law Rep., 737; Cooley on Taxation, chap. 10, 227; People, &c., v. Goldtree, 44 Cal., 324; Town of Bellvue, v. Peacock, &c., 11 Ky. Law Rep., 702; Slaughter, &c., v. City of Louisville, 12 Ky. Law Rep., 61.)

FAIRLEIGH & STRAUS, FOR APPELLEE.

1. When the Legislature has power to levy a tax or authorize a particular tribunal to levy it, it may, by retroactive legislation, cure a want of legislative authority in the tribunal making the levy. (Hewitt's Appeal, 88 Pa. St., 55; Desty on Taxation, vol. 2, p. 618; Grim v. Weissenberg School District, 57 Pa. St., 433; Cooley's Const. Limit., 1st ed., pp. 379–382; Shaw v. Norfolk Co. R. Co., 5 Gray, 180; McMillan v. Boyles, 6 Iowa, 330; Gould v. Sterling, 23 N. Y., 457; Thompson v. Lee County, 3 Wal., 327; Bridgeport v. Housatonic R. Co., 15 Conn., 475; Board of Commissioners v. Bright, 18 Ind., 93.)
2. A law, although it be retrospective, if conformable to entire justice is to be recognized and enforced. (Welch v. Wadsworth, 30 Conn. 149.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

April 28, 1884, the Legislature of this State authorized the County Court of Claims of Bullitt county to

levy an *ad valorem* tax each year for five years of not exceeding fifteen cents on each hundred dollars worth of property in said county for county purposes.

The Court of Claims made the levy of fifteen cents, etc., each year for six years, one year more than the act of the Legislature authorized, which levy, being without authority, the Legislature, in 1890, passed an act validating the same. The appellant, believing that the Legislature had no constitutional authority to validate said levy, refused to pay the same, hence this suit.

This court, in the case of Marion county v. L. & N. R. Co., 91 Ky., 388, decided that the County Court of Claims had original jurisdiction of the general indebtedness of the county, but its authority to levy taxes for the purpose of meeting that indebtedness is limited by the General Statutes to the levy of a head tax; that it can not levy an *ad valorem* tax for that purpose, unless authorized to do so by the Legislature, but as it has jurisdiction of the subject of the general indebtedness of the county and makes a levy in excess of its authority in the particular case, the act is a mere " irregularity and not a want of jurisdiction," hence the act may be validated by the Legislature. The court then says that the legislative authority is confined to validating such acts as it could have antecedently authorized. That case is on all fours with this case.

The cases of Slaughter, &c., v. City of Louisville, 89 Ky., 112, are unlike this case. The court held, in those cases, that the Legislature had no ministerial power, and as the power to make assessments upon *ad valorem* principles was purely ministerial, an attempt to make such assessments by the Legislature was unconsti-

tutional. Hence, an attempt by the Legislature to assess property upon *ad valorem* principles by adopting previous void assessments, or by validating previous void assessments, which in such cases would be equivalent to making the assessments, was without constitutional authority.

The judgment is affirmed.